Samuel C. Coleman, J.
The plaintiff leased nearly all of the seventh floor of a building from the landlord; at the same time it leased a portion of the eighth floor from the defendant, which retained possession of the balance of that floor. By agreement with the landlord, the plaintiff was permitted to make an opening in the eighth floor (in the portion leased to it by the defendant) to facilitate the movement of its merchandise in the course of manufacture from the eighth to the seventh floor, such an opening was made. The defendant had nothing to do with the making of the arrangement between landlord and the plaintiff as to this, and th§ lease between plaintiff and defendant says nothing about it. ' The defendant’s air-conditioning unit was located in the portion of the eighth floor leased to the plaintiff. By the terms of the written lease the defendant agreed to rewire this unit and to place the switches outside the plaintiff’s area. The lease also provided — and this is the clause giving rise to the law suit — that the defendant “will be liable for any damage to tenant’s [plaintiff’s] property caused by the *639 air-conditioning unit leaking water.’ ’ There was such leakage • — ■ water descended through the opening to the seventh floor and the plaintiff’s property there was damaged. Is the defendant liable for the damage? There is no claim of negligence. Each side relies upon what it considers to be the plain language of the lease, each side asserting that the language is “clear and unambiguous
The plaintiff’s position is plain: there was damage caused by leakage and we need go no further, even if the property had been stored on the sidewalk and the water had come through a window. And the defendant’s position is equally plain: that the language must be read as limiting liability to property on the eighth floor. I accept the defendant’s reading. The language is contained in a lease and should be read in that context. The lease created the relationship of landlord and tenant with the consequence of such a relationship in the real property granted by the landlord — not everywhere. In the absence of negligence, the defendant would not be liable for damage to property on the eighth floor caused by leakage from the air-conditioner. The lease alters that consequence and imposes liability irrespective of negligence. Does it do more and impose absolute liability for damage located on property — seventh floor — as to which no legal nexus exists between the parties? Again but for the clause in the lease, there would be no liability in the absence of negligence. The plaintiff would have me say that the clause does impose absolute liability. But there is no relationship of landlord and tenant as to the seventh floor; the parties legally are strangers and common-law principles govern. To alter the consequences and to impose absolute liability- — -as an insurer — different language would have had to be used. The plaintiff seeks to hold the defendant as an indemnitor — as an insurer. But the document is not an insurance policy; it is a lease, and it should be read as such. And a more natural reading, I believe, limits absolute liability to damage in the area leased; any other reading deforms the relationship. The argument that the document should be read against the defendant is unavailing; the agreement is the result of negotiation and we do not know who drafted the clause in question. The complaint is dismissed.